**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DEREK EDWARD RUSH,**

Plaintiff,

v.

**MELISSA ANN RUSH, et al.,**

Defendants.

CASE NO. 3:24 CV 255

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

*Pro se* Plaintiff Derek Edward Rush, an inmate in the Lorain Correctional Institution, filed this civil rights action under 42 U.S.C. §§ 1983, 1985, and 1986 against his former spouse, Melissa Ann Rush, and his parole officer, Catherine J. Hastings. *See* Doc. 1. Plaintiff alleges his supervised release was revoked for violating a protection order based on perjured testimony from his former spouse. He asserts Defendants conspired to reincarcerate him. He also asserts he was denied due process in the court proceedings. He asks this Court to rescind the protection order obtained by his former spouse, order the Ohio Courts to end due process violations, and grant him a protection order against his former spouse and his parole officer. *See id*. at 9.

For the following reasons, the Court finds this case must be dismissed pursuant to 28 U.S.C. § 1915(e).

## BACKGROUND

Plaintiff alleges that in December 2022, he attempted to vacate his post release control. (Doc. 1, at 4). He claims his parole officer, Defendant Hastings, resisted the attempt and assured him that he would be returning to prison rather than being fully released. *Id.* He contends that

shortly after this discussion, Hastings required him to leave work immediately and submit to a random drug test at his home. *Id.* He claims he tested positive for methadone and methamphetamine. *Id.* He examined the drug test kit packaging and discovered that it had expired eighteen months earlier. *Id.* He states he brought this to Hastings's attention, but she would only repeat the test if Plaintiff came to her office the following day and paid for the second test. *Id.* He claimed he could not miss another day of work and had to accept the positive result. He states that this led to "outpatient" sanctions. *Id.* at 5.

Plaintiff contends his second supervised release violation came from his former spouse, Melissa Rush. He admits the terms of his supervised release prohibited him from contacting her, but claims he resided with her when he left prison because they were trying to repair their relationship. *Id.* He contends that when he announced the relationship was over, Melissa Rush contacted Hastings to report that Plaintiff violated the no contact order that was a condition of his supervised release. *Id.* Hastings initiated proceedings against Plaintiff for violation of his supervised release. *Id.*

Plaintiff claims that he was denied due process at his court hearing. *See id.* He alleges that he did not receive discovery to allow him to properly defend himself and no public defender was assigned. *Id.* He asked for a continuance to obtain discovery and retain counsel, but this request was denied. *Id.* Plaintiff alleges Hastings assisted Melissa Rush with obtaining a protection order against him. *Id.* at 6. He states he was not served with the protection order until shortly before the hearing, in violation of Ohio law. *Id.* As to the allegedly perjured testimony, Plaintiff indicates Melissa Rush admitted in one report that she allowed him to live with her while stating in the application for the protection order that he had been relentless in contacting her without her consent since his release. *Id.* He attempted to obtain Defendants' telephone records, but his request was

denied. *Id.* He indicates he attempted to speak during the hearing, but his microphone was turned off, effectively excluding him from the hearing and violating his due process rights. *Id.* Plaintiff states Hastings knew Melissa Rush's testimony at his hearing was perjured but did nothing to correct it. *Id.* at 7. He claims Hastings and Rush conspired together to have him reincarcerated. *Id.*

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading

standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

As an initial matter, Plaintiff's due process claim is not cognizable in a civil rights action. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under §1983. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, 1998 WL 246401, at *1 (6th Cir.) (injunctive relief).

Plaintiff's claim that he was denied due process at this supervised release revocation hearing could, if found to have merit, call into question the validity of his current incarceration. He does not allege that the results of his hearing were overturned on appeal or otherwise invalidated by the State of Ohio. Consequently, that claim is not cognizable in a civil rights action.

In addition, Plaintiff fails to state a claim for relief under 42 U.S.C. §§ 1985 and 1986. To establish a violation of § 1985, Plaintiff must allege Defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus.

*Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff does not allege facts to suggest that Defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by his race. Because Plaintiff has failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985 yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. §1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE